NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-1053

AST ANLAGEN – UND SANIERUNGSTECHNICK GMBH,

Appellant,

v.

Francis J. Harvey, SECRETARY OF THE ARMY,

Appellee.

———————————

DECIDED:  December 6, 2005

———————————

Before CLEVENGER, SCHALL, and BRYSON, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

AST Anlagen – und Sanierungstechnick GmbH ("AST") appeals the final decision of the Armed Services Board of Contract Appeals ("Board") in *In re AST Anlagen – und Sanierungstechnik GmbH*, No. 49969, 2004 ASBCA Lexis 68 (A.S.B.C.A. June 30, 2004).  In its decision, the Board denied AST's claim that it was entitled to additional

compensation under its construction contract with the Department of the Army ("Army") by reason of government-caused delay to the project. We affirm.

DISCUSSION

I.

This case grows out of a contract between AST and the Army for the renovation and replacement of roofing, for painting and plastering, and for work relating to exterior wall insulation, electrical lines, and water lines for three family housing units at Martin Luther King Village in Mainz, Germany. After the contract work was completed, AST submitted a certified claim to the contracting officer seeking additional compensation under the contract. In its claim, AST asserted that it had suffered delay damages as result of the Army's failure to promptly accept its proposed Pumagro insulation system. After the deemed denial of its claim, AST timely appealed to the Board. Following a hearing, the Board denied AST's claim, and this appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(10) (2000).

II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision on any question of fact unless we find it to be fraudulent; arbitrary or capricious; so grossly erroneous as to necessarily imply bad faith; or not supported by substantial evidence. 41 U.S.C. § 609(b) (2000).

The Board denied AST's claim because it found that AST had not established that action or inaction on the part of the Army delayed the completion of the contract work. On appeal, AST argues that the Board's decision must be reversed because it is not supported by substantial evidence. In making that argument, it attacks the Board's

underlying findings that (i) the Army did not stop AST from installing Pumagro, (ii) AST made a unilateral decision to install Pumagro insulation and began installing the insulation in March of 1985, and (iii) AST continued to work on the jobsite without interruption during the winter of 1985.

We have no difficulty concluding that findings (ii) and (iii) above are supported by substantial evidence. Finding (i) is more troublesome. While it is true that no formal stop-work order was issued to AST during the period that the Army was deciding whether to approve the use of Pumagro insulation, it appears undisputed that the Army's project inspector told AST not to proceed with the insulation work until approval was forthcoming. It also appears undisputed that the contracting officer was aware of the inspector's direction to AST.

However, even if AST is correct that it was told not to proceed with the insulation work pending Army review, the result in the case is no different. The Board's two undisturbed findings provide substantial evidence for the ultimate finding that the time the Army took to approve the use of Pumagro did not delay the completion of the project. That is because these findings establish two things: first, AST proceeded with project work during the winter of 1985;[1] and second, notwithstanding what AST asserts it was told by the project inspector, AST did not hesitate to commence the installation of the Pumagro insulation when it was ready to do so. In other words, as far as AST was concerned, the inspector's instructions—whatever they were—were not an impediment to its proceeding with the insulation work. Under these circumstances, AST cannot establish that the Army delayed its completion of the contract work. *See, e.g.*, *Wilner v.*

---

[1] The record reflects that, except for six days when no work could be performed because of freezing temperatures, AST worked continuously on the project.

*United States*, 24 F.3d 1397, 1401 (Fed. Cir. 1994) (en banc) (recognizing that to prove its claim for damages allegedly due to Government-caused delay, "the contractor has the burden of proving the extent of the delay, *that the delay was proximately caused by Government action*, and that the delay harmed the contractor") (emphasis added).

For the foregoing reasons, the final decision of the Board denying AST's claim is affirmed.

Each party shall bear its own costs.